IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN CLAYBON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-00912-K-BT |
| | § | |
| DALLAS COUNTY DISTRICT ATTORNEY, | § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gregory Claybon filed this *pro se* civil action against Defendant the Dallas County District Attorney (the "DA") on April 25, 2022. (ECF No. 3). Because he paid the statutory filing fee, Claybon is responsible for properly serving the DA with a summons and the complaint in accordance with Federal Rule of Civil Procedure 4. To date, however, Claybon has failed to effect proper service of process in compliance with Rule 4. Therefore, the Court should dismiss Claybon's complaint without prejudice.

## Background

Claybon filed this civil action alleging he was deprived of due process under the Fourteenth Amendment when he was "illegally arrested" in 1999, subjected to a "bogus and illegitimate court room hearing," and "illegally" sentenced to ten

years in prison.[1] Compl. 1 (ECF No. 3). Thereafter, Claybon advised the Court that he sent notice of his claim to the DA via certified mail. *See* Req. Hr'g 1. (ECF No. 6). In response to this information, the Court explained to Claybon that, because he is a party to the litigation, he may not serve the DA himself. Order (ECF No. 7) (citing Fed. R. Civ. P. 4(c) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint."). The Court also warned Claybon, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Order (quoting Fed. R. Civ. P. 4(m)). The Court ordered Claybon to effect proper service on the DA and file proof of that service with this Court by July 25. *Id.*

---

[1] It appears that Claybon's claims could be barred by the applicable statute of limitations. A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). However, limitations is a defense and, generally, may not be raised by the court *sua sponte*. *Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 (5th Cir. 2009) ("[I]n an ordinary civil case, where the court has no special duty to examine the pleadings, the affirmative defense of statute of limitations can be waived and may not be raised by the court *sua sponte*."). This case does not fall within one of the categories of cases in which the Fifth Circuit has recognized the trial court's authority to raise statute of limitations defenses *sua sponte*: (i) habeas corpus petitions; (ii) suits by prisoners under 42 U.S.C. § 1983; and (iii) *in forma pauperis* petitions. *See id.* at 984 & n.1; *Kiser v. Johnson*, 163 F.3d 326, 328–29 (5th Cir. 1999).

On June 27, Claybon filed a copy of his summons to the DA, but he failed to include proof of proper service. (ECF No. 8). Subsequently, Claybon filed the following motions and requests:

1. Motion for Hearing, filed on July 19 (ECF No. 9);

2. Permission to Allow a Court Date to be Scheduled, filed on September 8 (ECF No. 10);

3. Request for Clerk to issue Default, filed on September 8 (ECF No. 11);

4. Request for Clerk to issue Default, filed on September 8 (ECF No. 12);

5. Request for Hearing, filed on September 8 (ECF No. 13); and

6. Motion (ECF No. 15) and Affidavit in Support of Motion for Default Judgment, filed on September 8 (ECF No. 14).

In his motion for default judgment, Claybon states "a copy of [ ] summons and complaint in this civil action was served *by plaintiff* via certified mail upon the Dallas County District Attorney." Motion (ECF No. 15) (emphasis added). On September 13, Claybon filed exhibits to his motion for default judgment. (ECF No. 16). Exhibit 2 is a photocopy of certified mail receipts. *Id.* The clerk declined to enter default because service on the DA is still not proper.

**Legal Standard and Analysis**

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After

3

effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(*l*). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

"A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Drgac*, 2008 WL 4746984, at *1 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted).

4

"This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626 at 630-31).

Here, Claybon, proceeding *pro se*, paid the statutory filing fee; therefore, he is responsible for properly serving the DA with a summons and complaint per Federal Rule of Civil Procedure 4. The clerk's office provided Claybon with a Notice and Instruction to Pro Se Party on April 26 (ECF No. 2), which advised Claybon to read and follow the Federal Rules of Civil Procedure and that service must be made on the DA. *See* Notice and Instrs. to Pro Se Party 1, ¶ 3, 5-6. The Court reminded Claybon of the service requirement in its June 21 Order (ECF No. 7). The Court specifically explained that, because he is a party to the lawsuit, Claybon may not serve the DA himself. The Court also advised Claybon that failure to properly serve the DA within 90 days of filing his complaint may result in dismissal. The Court ordered Claybon to effect proper service on the DA by July 25.

But Claybon still has not made proper service on the DA. Rather, all the evidence of record shows that Claybon attempted to serve the DA himself, by mailing the summons and complaint via certified mail. (ECF Nos. 8, 15 & 16). To effect proper service, Claybon must have someone (18 years or older)—*other than himself*—serve the DA with the summons and complaint.

It has been 140 days since Claybon filed his complaint. The Court ordered Claybon to properly serve the DA by July 25, 2022. To date, proper service has not

been made. Claybon has not provided any explanation for why service has not been made. Therefore, Claybon has not demonstrated good cause. Claybon has also failed to comply with the Court's order. Accordingly, the Court should dismiss Claybon's complaint without prejudice under Rule 4(m), for failure to effect proper service, and under Rule 41(b), for failure to comply with a court order.

## Recommendation

The District Judge should DISMISS Claybon's complaint without prejudice.

**SO RECOMMENDED**.

September 21, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).